UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TELEBRANDS CORP.,<br><br>*Plaintiff*<br><br>v.<br><br>ADWARD RUNBAIFAN, BIATERD-US, BOYULIN, CAMPANY124, CUZOOH, DASANYUAN2000, EROSHOO DIRECT, FEIFANDIANSHANG, FOUKIN, GREEN FUTURE:GF, GUANGZHOUSHIYOUPUMAOYIYOUXIANGONGSI, GYKUAJING521, HAPPY NEW YEAR DEALS 2023-YANHAITAO01, HZMENG, JIANJINGSHANGMAO, JIAZHICHUANG, JINYIER, LANYINGDIANZI, LTHZKJ, LUWEN STORE, MOKALAKA, NAYRACK, PANWANGCHAORAN, PENGKESD, PHANTASY1212, PICKLOUD-US, PUYIPINGDIANZISHANGWU, RISAVM-US, SANYASTORE, SMILEY MALL, SYWEIWEI, TONGTALIVE, TOXOT-FAST DELIEVERY: 3-5DAYS, VIKYE-H, WYQWZZ, XIUGANPO-US, YIBINJIADINGYANGLAOFUWUYOUXIANGONGSI, YINAN TRADING, YNHWJD, YONGCHUN COUNTY SHIELD ARMOR NETWORK TRADING FIRM, ZMGJMD and 亚玛1号 a/k/a YAMA 1,<br><br>*Defendants* | CIVIL ACTION NO.<br>23-cv-1063 (GHW)<br><br><br>**PRELIMINARY INJUNCTION ORDER** |

**GLOSSARY**

| Term | Definition |
| --- | --- |
| **Plaintiff or Telebrands** | Telebrands Corp. |
| **Defendants** | Adward runbaifan, biaterd-US, boyulin, Campany124, CUZOOH, dasanyuan2000, EROSHOO Direct, feifandianshang, foukin, Green future:GF, guangzhoushiyoupumaoyiyouxiangongsi, Gykuajing521, Happy New Year Deals 2023-yanhaitao01, HZMENG, jianjingshangmao, jiazhichuang, Jinyier, lanyingdianzi, LTHZKJ, Luwen Store, mokalaka, NAYRACK, panwangchaoran, Pengkesd, Phantasy1212, Pickloud-US, PuYiPingDianZiShangWu, risavm-US, Sanyastore, Smiley mall, Syweiwei, Tongtalive, TOXOT-FAST DELIEVERY: 3-5DAYS, Vikye-H, wyqwzz, Xiuganpo-US, yibinjiadingyanglaofuwuyouxiangongsi, Yinan Trading, YNHWJD, Yongchun County shield armor network trading firm, ZMGJMD and 亚玛1号 a/k/a Yama 1 |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Iyer Dec.** | Declaration of Bala Iyer in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |

| | |
|---|---|
| **Yummy Can Bacon Product** | A splatter-proof, microwave-safe dome that creates heat convection to cook up to eight pieces of bacon at once |
| **Yummy Can Bacon Registration** | U.S. Trademark Registration No.: 6,873,594 for "YUMMY CAN" for goods in Class 21 |
| **Yummy Can Bacon Application** | U.S. Trademark Application No.: 90/901,901 for "YUMMY CAN BACON" for goods in Class 21 |
| **Yummy Can Bacon Marks** | The Yummy Can Bacon Registration and Yummy Can Bacon Application |
| **Yummy Can Bacon Works** | U.S. Copyright Registration Nos.: VA 2-320-958, covering Yummy Can Bacon Packaging and Instruction Manual; VA 2-320-936, covering the Yummy Can Bacon Website; and PA 2-372-990, covering the Yummy Can Bacon Commercial |
| **Counterfeit Products** | Products bearing or used in connection with the Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and/or products in packaging and/or containing labels bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or products that are identical or confusingly or substantially similar to the Yummy Can Bacon Product |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User |

|  | Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
|---|---|
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by Amazon, such as Amazon.com, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on February 8, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on February 23, 2023 ("TRO") which ordered Defendants to appear on March 9, 2023 at 3:30 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on March 2, 2023, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application on each and every Defendant;

WHEREAS, on March 9, 2023 at 3:30 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.
   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:
      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or marks or works that are

confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works;

ii. directly or indirectly infringing in any manner Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or any other marks that are confusingly similar to the Yummy Can Bacon Marks and/or any other artwork that is substantially similar to the Yummy Can Bacon Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and

Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(c)(ii) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or

paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

   i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

   ii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(c)(i) above.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, , including, but not limited to, documents and records relating to:

   i. account numbers;
   ii. current account balances;
   iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;
   iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;
   v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and
   vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession,

custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO;

ii. the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Yummy Can Bacon Marks and/or Yummy Can Bacon Works and/or marks or artwork that are confusingly or

   substantially similar to, identical to and constitute an infringement of the Yummy Can Bacon Marks and/or Yummy Can Bacon Works.

3. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

   a) delivery of: (i) PDF copies of this Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order to Defendants' e-mail addresses to be determined after having been identified by Amazon pursuant to Paragraph V(C) of the TRO.

4. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

5. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a true and correct copy of this Order via Federal Express to Amazon.com, Inc. at Corporation Service Company 300 Deschutes Way SW, Suite 304, Tumwater, WA 98501, (ii) a PDF copy of this Order and (iii) a link to

      a secure website where Amazon.com, Inc. and Amazon Pay will be able to download a PDF copy of this Order via electronic mail to tro-notices@amazon.com;

  c) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc., at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@us.dlapiper.com, respectively; and

  d) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal-int@pingpongx.com.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify

the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 9th day of March, 2023, at 6:29 p.m.
New York, New York

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE