

**MEMORANDUM ENDORSED**

August 22, 2024

**VIA ECF**
Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Telebrands Corp. v. Adward runbaifan, et al.*, Case No. 23-cv-1063 (GHW)
             <u>Fifth Request for Extension of Time to File Application for an Order to Show Cause for Default Judgment</u>

Dear Judge Woods,

      We represent Plaintiff Telebrands Corp. ("Plaintiff"), in the above-referenced action (the "Action").[1] On September 21, 2023, the Court entered an Order directing Plaintiff to file any application for an order to show cause for default judgment ("DJ OSC") by no later than October 15, 2023. On October 2, 2023, Plaintiff filed its first request for an extension of time to file its DJ OSC (Dkt. 43), which the Court granted and extended Plaintiff's deadline to file its DJ OSC until November 17, 2023. (Dkt. 44). On November 13, 2023, Plaintiff filed its second request for an extension of time to file its DJ OSC (Dkt. 48), which the Court granted and extended Plaintiff's deadline to file its DJ OSC until January 31, 2024. (Dkt. 49). On January 26, 2024, Plaintiff filed its third request for an extension of time to file its DJ OSC (Dkt. 50), which the Court granted and extended Plaintiff's deadline to file its DJ OSC until March 29, 2024 (Dkt. 51). On March 27, 2024, Plaintiff filed its fourth request for an extension of time to file its DJ OSC (Dkt. 52), which the Court granted and extended Plaintiff's deadline to file its DJ OSC until August 30, 2024 (Dkt. 53). For the reasons set forth herein, Plaintiff respectfully requests a fifth extension of time to file its DJ OSC. In accordance with Your Honor's Individual Rules of Practice, Plaintiff respectfully submits the following:

1. <u>**Original Deadline**</u>: August 30, 2024
2. <u>**The number of previous requests for extension**</u>: Four, this is the fifth request for an extension of time to file Plaintiff's DJ OSC.
3. <u>**The reason for the current request**</u>: Plaintiff respectfully requests an extension of time to file its DJ OSC because it is in the process of serving two (2) final Defendants via the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague"). While Hague service has been completed and/or failed on

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in Plaintiff's Complaint or Application.

several of the Defendants remaining in this Action (as will be detailed below), Hague service has not yet been completed on Defendants mokalaka and panwangchaoran.

With respect to the other remaining Defendants, Epstein Drangel's Beijing office informed Plaintiff's counsel that the Chinese Central Authority was unable to attempt Hague service on Defendants HZMENG and YNHWJD because their respective companies had been deregistered and therefore the associated physical addresses Plaintiff had for these Defendants were outdated and inaccurate. Further, Epstein Drangel's Beijing office was unable to independently locate updated physical addresses for these Defendants, and Plaintiff's counsel confirmed that Amazon was not in possession of any additional physical addresses for these Defendants. On May 20, 2024, Plaintiff successfully served Defendant Yongchun County shield armor network trading firm via the Hague. (Dkt. 56). Between June 18, 2024 and August 8, 2024, Plaintiff received updates from Epstein Drangel's Beijing office that Hague service on the following five (5) Defendants was unsuccessful: lanyingdianzi, NAYRACK, LiBkai, yibinjiadingyanglaofuwuyouxiangongsi and ZMGJMD. Further, Epstein Drangel's Beijing office was unable to independently locate alternate physical addresses for these Defendants, and Amazon was not in possession of any additional physical addresses for these Defendants.

Based on the foregoing, in an effort to conserve judicial resources and avoid filing multiple default judgment motions, Plaintiff respectfully proposes providing the Court with a status update as to the Hague service on Defendants mokalaka and panwangchaoran by no later than November 22, 2024. At that time, if the Hague service on these Defendants is complete and assuming these Defendants default, Plaintiff proposes filing a single motion for default judgment against all remaining Defendants in the Action.

4. **Whether the adversary consents**: All of the Defendants remaining in this action are currently in default, thus Plaintiff did not seek their consent.
5. **Proposed alternative dates**: Based on Plaintiff's counsel's experience in serving Defendants via the Hague in this Action and others, Plaintiff is unable to predict when it can expect to receive the Hague service results for Defendants mokalaka and panwangchaoran. Accordingly, at this time, Plaintiff respectfully proposes to (1) provide the Court with an update regarding the Hague service on Defendants mokalaka and panwangchaoran or (2) to the extent Hague service is completed and Defendants are in default or if Hague service fails on Defendants mokalaka and panwangchaoran file its DJ OSC against all Defendants remaining in the Action by no later November 22, 2024.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Gabriela N. Nastasi
Gabriela N. Nastasi
gnastasi@ipcounselors.com
60 East 42nd Street, Suite 1250

    New York, NY 10165
    Telephone: (212) 292-5390
    Facsimile: (212) 292-5391
    *Attorneys for Plaintiff*

Application granted.  Plaintiff's fifth request for an extension of time to seek an order to show cause for default judgment is granted.  Dkt. No. 57.  Plaintiff is directed to submit an update by no later than November 22, 2024 regarding the status of completing service of process on all Defendants and the date by which Plaintiff expects it will be able to seek default judgment against the remaining Defendants in this matter.  Plaintiff is directed to serve a copy of this Order on all Defendants and retain proof of service.

The Clerk of Court is directed to terminate the pending motion at Dkt. No. 57.

SO ORDERED.

Dated: August 22, 2024                                _____
New York, New York                                GREGORY H. WOODS
                                                         United States District Judge